**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JONATH LEKIETH JOHNSON,

    Petitioner,

    v.

WARDEN,
Montgomery County Correctional Facility,

    Respondent.

Civil Action No.:  JRR-25-4318

**MEMORANDUM AND ORDER**

On December 31, 2025, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was filed by a "next friend" on behalf of Petitioner Jonath LeKieth Johnson, along with the filing fee.  ECF No. 1.  On January 16, 2026, the Court received Johnson's signed petition.  ECF No. 4. Johson is a pre-trial detainee held at Mongomery County Correctional Facility.  *Id.* at 1.

Johnson asserts that his constitutional rights are being violated due to "prolonged pretrial detention," lack of bond or custody review, and other failures.  *Id.* Johnson has also filed a motion seeking release from detention pending habeas review due to ongoing medical conditions, as well as a motion for expedited review of his habeas petition.  ECF Nos. 5, 6.

Johnson does not identify his pending state court case, but a review of the Maryland Judiciary Case Search shows he has a pending criminal case in the Circuit Court for Montgomery County.  *See State v. Johnson*, Case No. C-15-CR-25-001297 (Montgomery Co. Cir. Ct.).[1]  On April 6, 2026, Johnson's attorney filed a motion to dismiss for violation of his right to a speedy trial; that motion is currently pending.  In that motion, counsel states that Johnson had a bail review hearing on October 29, 2025, at which time Johnson was ordered held without bond.  Johnson has

---

[1] Available at http://casesearch.courts.state.md.us/casesearch/.

a trial date set for May 26-29, 2026.  The docket does not reflect that Johnson pursued a state habeas corpus petition or request, for bail review, in the Circuit Court and that he appealed denial of that petition to the Appellate Court of Maryland as authorized by MD. CODE ANN., CTS. & JUD. PROC. § 3-707 (West 2023). *Id.*

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court.  *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts.  *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying court intervention do not exist where there are procedures in place to protect petitioner's constitutional rights.  *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).  Here, there are procedures in place to protect Johnson's rights which he has not accessed or utilized.  Johnson may request a bail review in the state court or file a petition for writ of habeas corpus in state court.  Therefore, he has failed to exhaust available state remedies.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude Petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a Certificate of Appealability.[2]

Accordingly, it is this 22nd day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Release Pending Habeas Review, ECF No. 5, IS DENIED;

2. The Petition for Writ of Habeas Corpus IS DISMISSED without prejudice;

3. The Motion for Expedited Review of the Habeas Petition, ECF No. 6, IS DENIED as moot;

4. A certificate of appealability SHALL NOT ISSUE;

5. The Clerk SHALL PROVIDE a copy of this Order to Johnson; and

6. The Clerk SHALL CLOSE this case.

/S/

_____
Julie R. Rubin
United States District Judge

---

[2] Denial of a certificate of appealability in the district court does not preclude Petitioner from requesting a certificate of appealability from the appellate court.